UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EDWARD S. BOPP - A LAW CORPORATION** | **CIVIL ACTION** |
| **VERSUS** | **No. 06-9303** |
| **ZURICH INSURANCE COMPANY, POWELL INSURANCE AGENCY AND ABC INSURANCE COMPANY** | **SECTION "C"** |

## ORDER

Before the Court is a Motion to Remand filed by the plaintiff, Edward S. Bopp - A Law Corporaton ("Plaintiff") (Rec. Doc. 6), in which it claims that insurance agent, Powell Insurance Agency ("Powell"), was not fraudulently joined. Defendants, Powell and Zurich Insurance Company ("Zurich") filed oppositions to the motion. The motion is before the Court on the briefs, without oral argument. Having considered the memoranda of counsel, the record and the applicable law, the Court finds that remand is appropriate.

"The burden of persuasion placed upon those who cry 'fraudulent [improper] joinder' is indeed a heavy one." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). The removing party must demonstrate that there is no possibility that the plaintiff would be able to establish a cause of action against the non-diverse defendants in state court. *Ford v. Elsbury*, 32 F.3d 931, 935 (5th Cir. 1994). This, "stated differently

means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant. . ." *Smallwood v. Illinois Central Railroad Co.,* 385 F.3d 568, 572 (5th Cir. 2004) (en banc); see also, *Melder v. Allstate Corp.*, 404 F.3d 328. 330 (5th Cir. 2005) ("[A]t issue is whether Defendants have established there is no reasonable basis Plaintiff might be able to recover under Louisiana state law against the non-diverse defendant. . .") A "mere theoretical possibility of recovery" does not preclude a finding of improper joinder. *Smallwood*, 385 F.3d at 572.

The Court's determination can be made in two ways: (1) by undertaking a Rule 12(b)(6) - type analysis to determine whether the complaint states a claim against the in-state defendant or (2) whether a claim has been stated by misstated or omitted discrete facts determinative of the propriety of joinder, minimal piercing of the pleadings may be undertaken; "we caution that a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id.* "[T]he inability of the court to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden." *Id.*

The Plaintiff asserts that Powell was not fraudulently joined. It argues that the allegations against Powell in its state court petition allege a cause of action against the insurance agent under Louisiana law. Specifically, it claims that Powell breached a

duty to properly advise it on its insurance coverage in failed to advise, recommend and adequately protect it from its hurricane losses. See, Rec. Doc. 6.

Powell and Zurich disagree. They assert that Powell was improperly joined to the action because Plaintiff cannot state a cause of action against it for which relief can be granted. They argues that Plaintiff did not allege that Powell breached a duty to place insurance and that Powell did not owe it a duty to advise it of the exclusions in his policy. Furthermore, they argue that any claims against Powell are perempted by Louisiana Revised Statute § 9:5606.

Under Louisiana law, an insurance agent has a duty to use reasonable diligence in placing the insurance requested, to advise regarding recommended coverage and gaps in coverage and to promptly notify the client if he fails to obtain the requested insurance. *Offshore Production Contractors, Inc. v. Republic Underwriters Insurance Co.*, 910 F.2d 224 (5th Cir. 1990); *Karam v. St. Paul Fire & Marine Insurance Co.*, 281 So.2d 728 (La. 1973); *Graves v. State Farm Mutual Auto Insurance Co.*, 821 So.2d 769, 2001-1243 (La. App. 3 Cir. 6/26/02); *Cambre v. State Farm Indemnity Co.*, 404 So.2d 511 (La. App. 4 Cir. 1982). See also, *Southern Athletic Club, LLC v. Hanover Insurance Co.*, 2006 WL 2583406 (E.D.La.) (J. Lemmon). However, an insurance agent's duties can be greater than merely procuring the insurance requested, depending on what service the agent holds himself out as performing and the nature of the specific relationship between the agent and his

3

client. *Southern Athletic Club, LLC v. Hanover Insurance Co.*, 2006 WL 2583406 (E.D.La.) (J. Lemmon) (citing *Graves v. St. Farm Mut. Auto Ins. Co.*, 821 So.2d 769, 773, 2002-1243 (La. Ct. App. 3 Cir. 0626/02)).

Plaintiff alleges that Powell had a duty to inform it of the availability or need for additional flood coverage. See, Rec. Doc. 1. The Plaintiff does not allege that he requested a specific type or amount of coverage that Powell failed to provide. However, the Plaintiff alleges that it purchased the policy, based on Powell's "recommendation and expertise." Rec. Doc. 1, ¶ 8. Plaintiff also alleges that Powell informed it that the policy would "cover 'all hurricane damages.'" Rec. Doc. 1, ¶ 30. As a result, it is possible that a deeper factual inquiry may reveal that Powell assumed a greater duty than simply procuring requested insurance for the Plaintiffs.[1] Thus, the Court finds that Powell was not fraudulently joined.

Before making a final decision on whether to remand this case, the Court must consider the impact of Louisiana Revised Statute § 9:5606.[2] Plaintiff initially procured

---

[1] The Court notes that Powell sent a yearly flood insurance warning to its clients. However, this letter appears to be a form letter that is sent to all of Powell's clients. It does not address Plaintiff's specific coverage or lack thereof. Thus, in spite of the letter, it is possible that Powell made some other representations to Plaintiff which induced its alleged reliance.

[2] Louisiana Revised Statute § 9:5606 provides in relevant part:
    A. No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought

the insurance policy in December 2004.  This means that the policy was in effect for the December 2004 to December 2005 period, i.e. the time that Hurricane Katrina struck. Plaintiff did not file its lawsuit until August 28, 2006.  As a result, Powell and Zurich argue that Powell did not commit an action, omission or negligence within the one year peremption period, so Plaintiff's claims against Powell are perempted.

Plaintiff never addresses the peremption issue in his motion to remand. See, Rec. Doc. 6.  However, it is possible that Plaintiff did not actually know about Powell's alleged actions, omissions or neglect until sometime after Hurricane Katrina, August 29, 2005, when Zurich partially denied its claims.  These dates reflect that Plaintiff filed suit within one year of when it may have actually learned of Powell's alleged actions, omissions or neglect.

Thus, the inquiry is when Plaintiff should have discovered the alleged actions, omissions or neglect.  Under Louisiana law, an insured has a duty to read his insurance policy and know its provisions.  *Stephens v. Audubon Ins. Co.*, 665 So.2d 683, 686, 27,658 (La. App. 12/6/95) (citing  *Matthews v. Business Men's Assur. Co. of America*, 478 So.2d 634, 637 (La. App. 2 Cir. 1985); *Perkins v. Shelter Ins. Co.*, 540 So.2d 488 (La. App. 1 Cir.

---

unless filed in a court of competent jurisdiction and proper venue within one  year from the date of the alleged action, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

1989)).  Plaintiff alleges that it relied on Powell's recommendation and expertise in purchasing the insurance policy. See, Rec. Doc. 1.   Arguably, Plaintiff could have discovered any gaps in its insurance coverage by carefully reading the policy. However, there is a dispute as to when it actually received that policy.  Plaintiff claims that it did not receive a copy of the policy when it was purchased, whereas, the defendants assert that Plaintiff received a copy of the policy on December 30, 2004.  At the same time, without further factual development, the Court cannot determine whether Plaintiff was lulled into complacency by any representations made by Powell. The facts may disclose that Plaintiff's reliance was well-founded, regardless of the actual language of the policy, and that Plaintiff therefore is excused from its failure to discover the problem earlier.

Accordingly,

IT IS ORDERED that the Plaintiff's Motion to Remand is **GRANTED**.[3]

New Orleans, Louisiana, this 16th day of March, 2007.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE

---

[3] In light of this order which remands the case to the 34th Judicial District for the Parish of St. Bernard, State of Louisiana, Powell's pending Motion for Summary Judgment (Rec. Doc. 15) is **DISMISSED AS MOOT.**